COHEN, WEISS AND SIMON LLP

COUNSELLORS AT LAW

330 WEST 42ᴺᴰ STREET

NEW YORK, N.Y. 10036-6976

———

(212) 563-4100

WRITER'S DIRECT INFORMATION:

PHONE: 212-356-0220
FAX: 646-473-8220
E-MAIL: DHOCK@CWSNY.COM

BRUCE H. SIMON
ROBERT S. SAVELSON
STEPHEN B. MOLDOF
MICHAEL E. ABRAM
KEITH E. SECULAR
PETER HERMAN
RICHARD M. SELTZER
JAMES L. LINSEY*
JANI K. RACHELSON
BABETTE CECCOTTI*
SUSAN DAVIS*
MICHAEL L. WINSTON
THOMAS N. CIANTRA
JOSEPH J. VITALE*
PETER D. DECHIARA
LISA M. GOMEZ*
BRUCE S. LEVINE
TRAVIS M. MASTRODDI

SAMUEL J. COHEN (1908-1991)
HENRY WEISS (1910-2004)
———
DAVID R. HOCK*
CLAIRE TUCK*
RICHARD C. HARMON
MARCELLE J. HENRY
EVAN HUDSON-PLUSH*
MICHAEL S. ADLER*
JOSHUA ELLISON*
ZACHARY N. LEEDS
TZVI MACKSON
NOELIA E. JARAMILLO
DANYA AHMED*

* ALSO ADMITTED IN NJ

December 9, 2011

The Honorable William D. Wall
United States Magistrate Judge
United States District Court
   for the Eastern District of New York
100 Federal Plaza
P.O. Box 9014
Central Islip, NY 11722-9014

      Re:    *Finkel, et al. v. Fusella Group, LLC, Gerardo P. Fusella and Vincent J. Fusella*, Civil Case No. 08-CV-0972 (LDW)(WDW)

Dear Judge Wall:

This firm represents the plaintiffs in the above-referenced matter. We write in accordance with Local Rule 37.3 and Section 3 of Your Honor's Individual Motion Practices to seek an order pursuant to Federal Rule of Civil Procedure 37(a)(3)(B) directing defendants Fusella Group, LLC, Gerardo Fusella, and Vincent Fusella to respond to document requests, answer interrogatories, and appear for a deposition.

At a conference of October 13, 2011, the Honorable Leonard Wexler scheduled this case for a trial on January 3, 2011, and directed that discovery be completed by December 31, 2011.[1] As trial is only 25 days (and only 14 business days) away, and the defendants now assert that they are retaining counsel, but have not identified that counsel, plaintiffs respectfully request that the Court waive the requirement to have an in-person or telephonic meeting to discuss the discovery dispute raised by this motion.

On October 21, 2011, plaintiffs served Plaintiffs' First Set of Document Requests to Defendants (the "Document Requests"), Plaintiffs' First Set of Interrogatories to Defendants (the

---

[1] Plaintiffs made a request today to adjourn that date until after defendants respond to discovery.



COHEN, WEISS AND SIMON LLP

The Honorable William D. Wall
December 9, 2011
Page 2

"Interrogatories"), a Notice of Deposition for Defendant Vincent Fusella, a Notice of Deposition of Defendant Gerardo Fusella, and a Notice of Deposition of Defendant Fusella Group, LLC on each of the defendants. The notices of deposition set the deposition of each defendant for various times on December 2, 2011. The Document Requests are attached as Exhibit A, the Interrogatories are attached as Exhibit B, and the notices of deposition are attached as Exhibit C.

On November 21, 2011, I sent an e-mail to the address provided to me by the defendants seeking to confirm their appearance for depositions on December 2, 2011, and that they had received the written discovery requests. Vincent Fusella responded that they would be able to return the interrogatories by December 2, 2011, and appear at a deposition on December 9, 2011. The deposition was then rescheduled for 1:00 p.m. today.

The defendants failed to respond to the written discovery as promised. In response to my inquiry regarding the written discovery, I received yesterday afternoon an email from the defendants in which they advised me that "we are not going to make depositions tomorrow. We are retaining counsel and they will be in touch with you to reschedule." (A copy of that e-mail is attached as Exhibit D). Defendants failed to appear for their deposition today, and as of this letter, I have neither received any response to the document requests nor been contacted by any counsel for defendants.

Federal Rule of Civil Procedure 37(a)(3)(B) provides that in the event that a party fails to provide discovery, the party seeking discovery may move to compel discovery. Accordingly, plaintiffs request that this Court issue an Order requiring Defendants Fusella Group, LLC, Gerardo Fusella, and Vincent Fusella respond to the Document Requests and Interrogatories on or before noon on December 19, 2011, and appear for a deposition on December 21, 2011, or face sanctions and contempt. A Proposed Order is attached as Exhibit E for the Court's consideration.

Thank you for your attention to this matter.

Respectfully submitted,

David R. Hock

DRH:bdb
Enclosures

cc:   Fusella Group, LLC
      Vincent Fusella
      Gerardo Fusella

# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------- x

FRANK H. FINKEL, JOSEPH A. FERRARA SR.,  :
MARC HERBST, THOMAS PIALI,               :
CHRISTOPHER O. WARD, GARY LA             :
BARBERA, THOMAS GESUALDI, LOUIS          :
BISIGNANO, AND ANTHONY PIROZZI, as       :
Trustees and Fiduciaries of the Local 282 Welfare :
Trust Fund, the Local 282 Pension Trust Fund, the :
Local 282 Annuity Trust Fund, the Local 282 Job  :
Training Trust Fund, and the Local 282 Vacation  :
and Sick Leave Trust Fund,               :
                                         :
                        Plaintiffs,      :
                                         :
        - against -                      :
                                         :
FUSELLA GROUP, LLC, GERARDO P.           :
FUSELLA and VINCENT J. FUSELLA,          :
                                         :
                        Defendants.      :

------------------------------------------------------------- x

Civil Action No.:
08-CV-0972 (LDW) (WDW)

## PLAINTIFFS' FIRST SET OF DOCUMENT REQUESTS TO DEFENDANTS

Pursuant to Federal Rule of Civil Procedure 34, Plaintiffs hereby request that

Defendants each produce, for inspection and copying, all documents designated below, at the

offices of Cohen, Weiss and Simon LLP, 330 West 42nd Street, New York, New York 10036, on

or before November 23, 2011.

## DEFINITIONS AND INSTRUCTIONS

The Definitions and rules of construction in Local Rule 26.3 of the Eastern

District of New York are hereby incorporated by reference.  In addition, the following definitions

and instructions apply to all requests for disclosures made herein:

A.      Incorporated herein by reference is Rule 26.3 of the Local Rules of the

United States District Courts for the Southern and Eastern Districts of New York governing

Uniform Definitions in Discovery Requests.

00199146.1

B.      "Fusella" shall mean Fusella Group, LLC, its officers, directors, shareholders, employees, attorneys, accountants and/or agents of any kind.

C.      "Gerardo" shall mean defendant Gerardo P. Fusella.

D.      "Vincent" shall mean defendant Vincent J. Fusella.

E.      "Defendants" shall mean Fusella, Gerardo, and Vincent, collectively.

F.      "Company" shall mean Fusella.

G.      The documents called for are those in the possession, custody or control of Fusella wherever located.

H.      The documents produced are to be segregated by request number (and, if applicable, by subpart, within a request).

I.      The documents sought by this Request for Production of Documents are for the period from May 1, 2007, to date, unless otherwise indicated.

J.      The documents sought include all drafts of documents required to be produced and documents that are nearly identical but that differ in a minor, or any, way from other documents required to be produced (e.g., two documents are identical except one contains handwritten notes; both documents must be produced).

K.      The term "documents" has the same meaning as identified in Rule 34, including but not limited to, electronically stored information within the meaning of Rule 34, electronic mail, writings, drawings, graphs, charts, photographs, audio recordings, and other data compilations.

L.      All requests made herein shall be construed to include any documents responsive to these requests that are later prepared, created or discovered and that are required to be produced pursuant to Federal Rule of Civil Procedure 26(e).

2

M.     For each document to which any privilege is claimed, the party asserting the privilege shall be identified and this defendant shall identify the date of the document, any title or heading affixed to the document, the name and address of all persons to whom and by whom the document was sent or distributed, the type of document (e.g., letter, memorandum), the general subject matter of the document, and the nature of the alleged privilege.

N.     For each responsive document or category of responsive documents formerly in the possession, custody or control of defendants (or any of them) but now in the possession custody or control of the City of New York Business Integrity Commission, or any law enforcement agency, including without limitation, the office of the United States Attorney for the Eastern or Southern Districts of New York, so state and identify the date such documents were turned over and to whom.

## DOCUMENT REQUESTS

You are hereby requested to produce the following documents:

1.     All Articles of Incorporation, corporate registration documents, bylaws, stock certificates and/or shareholder agreements, including all riders or amendments thereto, issued by or concerning Fusella.

2.     All documents identifying any person or entity that has or had any ownership interest in Fusella.

3.     All documents identifying any person as being a manager or supervisor for Fusella, whether or not an employee of Fusella, at any time.

4.     All minutes of meetings of the Board of Directors or other governing body of Fusella including all riders or amendments to such documents..

5.      All documents which refer, reflect or relate to financial transactions between the Defendants, including documents which refer, reflect or relate to agreements with Fusella.

6.      All documents which refer, reflect or relate to agreements among shareholders or principals of Fusella.

7.      All collective bargaining agreements to which Fusella is a party.

8.      Payroll records sufficient to identify all employees of Fusella or owner/operators whose services were contracted for by Fusella.

9.      All W 2s, Form 1099s, individual earnings cards and/or time cards for all of the employees, independent contractors, or owner-operators hired, employed or retained by Fusella who performed any driving work for Fusella.

10.     All records of cash payments made to any individual who performed driving services for Saranno, including, but not limited to, envelopes indicating cash payments.

11.     All records identifying or showing the location of Fusella's vehicles or the time that its vehicles were on the road, including, but not limited to any data or documents showing when or where Fusella's vehicles operated generated by global positioning satelites (GPS) or other services.

12.     Leases, rental agreements, occupancy agreements or documents reflecting any oral agreement for occupancy, rental or lease of all or part of the property occupied or used by Fusella (whether owned, controlled or managed individually, jointly or in common), including without limitation: (i) 40 Deforest Ave, East Hanover, NJ 07936.

13.     Documents reflecting title to property occupied or used by Fusella (whether owned, controlled or managed individually, jointly or in common), including without limitation: (i) ) 40 Deforest Ave, East Hanover, NJ 07936.

14.     All documents concerning vehicles and equipment owned, operated, rented, leased, or used by Fusella, including Title, Registration and Insurance certificates, and documents pertaining to the sale, transfer or disposition of said vehicles and equipment.

15.     All documents, not otherwise responsive to the foregoing, that were referenced in, or reviewed while responding to, the Plaintiffs' First Set of Interrogatories to Defendants.

Dated: October 21, 2011
New York, New York

_____
Joseph J. Vitale
David R. Hock
COHEN, WEISS and SIMON LLP
330 West 42nd Street
New York, New York 10036
Tel:  (212) 563-4100
Fax:  (646) 473-8216

Attorneys for Plaintiffs

# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x

FRANK H. FINKEL, JOSEPH A. FERRARA SR.,    :
MARC HERBST, THOMAS PIALI,                 :
CHRISTOPHER O. WARD, GARY LA            :
BARBERA, THOMAS GESUALDI, LOUIS    :
BISIGNANO, AND ANTHONY PIROZZI, as  :
Trustees and Fiduciaries of the Local 282 Welfare  :
Trust Fund, the Local 282 Pension Trust Fund, the  :
Local 282 Annuity Trust Fund, the Local 282 Job  :
Training Trust Fund, and the Local 282 Vacation  :
and Sick Leave Trust Fund,                  :
                                       :

                      Plaintiffs,    :

                                       :

   - against -                       :
                                       :

FUSELLA GROUP, LLC, GERARDO P.      :
FUSELLA and VINCENT J. FUSELLA,    :
                                       :

                   Defendants.  :
-------------------------------------------------------------------- x

Civil Action No.:
08-CV-0972 (LDW) (WDW)

## PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANTS

        Pursuant to Federal Rule of Civil Procedure 33, Plaintiffs, as Trustees and

fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local

282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and

Sick Leave Trust Fund (collectively the "Local 282 Benefit Funds"), hereby request that

defendants Fusella Group, LLC, Gerardo P. Fusella, and Vincent J. Fusella each answer

separately and under oath, the interrogatories set forth below and serve their answers upon

counsel for Plaintiffs on or before November 23, 2011.

## DEFINITIONS AND INSTRUCTIONS

        These interrogatories shall be read, interpreted and answered in accordance with

the Uniform Definitions in Discovery Requests set forth in Rule 26.3 of the Local Rules of the

United States District Court for the Eastern District of New York and the additional definitions
set forth below:

      A.     Incorporated herein by reference is Rule 26.3 of the Local Rules of the
United States District Courts for the Southern and Eastern Districts of New York governing
Uniform Definitions in Discovery Requests.

      B.     "Fusella" shall mean defendant Fusella Group, LLC, its officers, directors,
shareholders, employees, attorneys, accountants and/or agents of any kind.

      C.     "Gerardo" shall mean defendant Gerardo P. Fusella.

      D.     "Vincent" shall mean defendant Vincent J. Fusella.

      E.     "Defendants" shall mean Fusella, Gerardo, and Vincent, collectively.

      F.     "Company" shall mean Fusella.

      G.     "Funds" means the Local 282 Benefit Funds.

      H.     "You" refers to any and all persons answering these interrogatories.

      I.     In answering these interrogatories, furnish all information that is available
to you or otherwise subject to your custody or control.

      J.     The information requested is for any time from May 1, 2007, to date,
unless otherwise indicated.

      K.     These interrogatories shall be continuing in nature, and to the extent that
answers thereto may be enlarged, diminished or otherwise modified by information discovered
by you subsequent to the service of your initial answers hereto, you are requested to serve
promptly thereafter supplemental answers setting forth such information.

      L.     If you know of any information but cannot give the specific information or
the full information called for by a particular request, state that this is the case, give the particular

reasons for your inability to provide specific or full information, give the best or most complete information you can provide on the subject and identify every person whom you believe has the requested information.

      M.     With respect to any interrogatory to which you assert a claim of privilege, provide, at the time the interrogatories are answered, a statement signed by your attorney setting forth the basis for your claim of privilege and fully identifying any information withheld that may be within the scope of the request.

## INTERROGATORIES

      1.     For the Company, provide all telephone numbers, street addresses, post office box addresses or email addresses used by the Company, and indicate the time period in which such numbers or addresses were in use.

      2.     For the Company, provide the location of each of the buildings, offices, facilities, yards, barns, garages or premises used for any purpose by the Company, indicating the time period and purpose of the use.

      3.     For the Company, identify each person or Company, including but not limited to Gerardo or Vincent, that had any ownership, equity, financial or partnership interest in it, specifying the nature and extent of the interest and the time period in which the interest existed.

      4.     For the Company, identify each person who served as an officer, director, manager, supervisor, dispatcher, executive, or clerical/secretarial/office employee, specifying the position held, duties or functions, and the dates the position was held.

      5.     For the Company, identify each person who oversaw day-to-day operations, indicating during what time period each such person did so.

6.      For the Company, indicate what position or role Gerardo or Vincent served, and indicating during what time period.

7.      For the Company, identify each person who exercised authority in any aspect of the Company's labor relations, including, but not limited to, making decisions regarding the hiring, retention and discipline of employees, determining pay and benefits of employees, and engaging in collective bargaining with any representatives of any employees, giving the positions held by each such person, the nature of his/her authority, and the dates the positions were held.

8.      For the Company, identify each person who prepared, maintained or controlled the books and records of the Company, including, but not limited to, payroll records, payroll tax records, income tax returns, cash disbursement records, and general ledgers, indicating what role such person played in preparing, maintaining or controlling the books and records.

9.      For the Company, identify the location of its books and records of the Company, including, but not limited to, payroll records,  payroll tax records, income tax returns, cash disbursement records, and general ledgers.

10.     Identify who was responsible for determining whether, in what amounts and for whom, contributions were remitted by Fusella to the Funds.

11.     For the Company, identify any and all individuals who performed any driving services for the Company, whether as an employee, an independent contractor or an owner-operator, and indicate the time period that each such individual performed the driving services.

4

12.     For the Company, identify any property (including real property, buildings and/or facilities) and equipment (including, but not limited to, trucks and other vehicles) owned or leased by it, giving a description of each piece of property or equipment, the identify of each owner or leaseholder, and the dates of the ownership or lease.

13.     Identify all individuals, including but not limited to owners, directors, officers, drivers, management employees, office or clerical staff, accountants, consultants or bookkeepers, who worked for or provided services to Fusella, indicating the nature of the work or services provided, and when they worked for each Company.

14.     For the Company, identify all customers providing over 5% of gross revenues annually.

15.     For the Company, identify its banks, lenders, creditors, vendors, service-providers and suppliers, indicating the nature and time period of their relationship with the Company.  Include lenders or creditors who may also have been owners, directors, officers or partners in the Companies.

16.     For Defendants, identify any lawyer, law firm, accountant, accounting firm, actuary, actuarial firm, advertising firm, public relations firm, realtor, real estate firm, bookkeeper or payroll company used or retained, and the time period of the services provided.

17.     For the Company, indicate whether it ever paid drivers for their services, in whole or in part, in cash, indicating when the cash payments were made, identifying to whom the payments were made in cash, for what services or hours worked, and in what amounts.

18.     For the Company, identify, by vehicle number or otherwise, which vehicles or trucks it used for its operations, indicating for each such vehicle or truck, for a specified time period, if Fusella (or other entities) owned or leased it; to which Defendant (or

5

other entity) it was registered; and which of the Defendants' names (or other names) were affixed to the exterior of the truck or vehicle.

19.    Indicate whether the Company ever used any trucks or vehicles owned, leased or registered to another Company, or that had the name of another Company affixed to it, indicating each time that this occurred.

20.    Indicate whether any individual who served as a driver for Fusella ever received paychecks from, or paychecks bearing the name of, or paychecks drawn on the account of another person or entity, identifying each such individual or entity, when he received such paychecks, and from which individual or entity.

21.    Indicate whether the Company, Gerardo, or Vincent ever caused a driver to be paid for driving services with a paycheck from, or bearing the name of, or drawn on the account of, a person or entity other than the one for which he performed the services, indicating the name of the driver, when this occurred, the person or entity for whom the services were provided, the person or entity which issued the paycheck and why this occurred.

22.    Indicate whether the Company, Gerardo, or Vincent ever caused a driver to be paid in cash, the Company for whom the services were provided and why this occurred.

Dated: October 21, 2011
New York, New York

_____
Joseph J. Vitale
David R. Hock
COHEN, WEISS and SIMON LLP
330 West 42nd Street
New York, New York 10036
Tel:  (212) 563-4100
Fax:  (646) 473-8216

Attorneys for Plaintiffs

6

# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
FRANK H. FINKEL, JOSEPH A. FERRARA SR.,     :
MARC HERBST, THOMAS PIALI,                  :
CHRISTOPHER O. WARD, GARY LA                :
BARBERA, THOMAS GESUALDI, LOUIS             :
BISIGNANO, AND ANTHONY PIROZZI, as          :        Civil Action No.:
Trustees and Fiduciaries of the Local 282 Welfare   :    08-CV-0972 (LDW) (WDW)
Trust Fund, the Local 282 Pension Trust Fund, the   :
Local 282 Annuity Trust Fund, the Local 282 Job     :
Training Trust Fund, and the Local 282 Vacation     :
and Sick Leave Trust Fund,                  :
                                            :
                         Plaintiffs,        :
                                            :
       - against -                          :
                                            :
FUSELLA GROUP, LLC, GERARDO P.              :
FUSELLA and VINCENT J. FUSELLA,             :
                                            :
                         Defendants.        :
------------------------------------------------------------------ x

## NOTICE OF DEPOSITION OF DEFENDANT FUSELLA GROUP, LLC

TO:    Fusella Group, LLC

       c/o Gerardo Fusella                  c/o Vincent Fusella
       11 Fox Run Drive                     3 Andover Lane
       East Hanover, NJ 07936               East Hanover, NJ 07936

       PLEASE TAKE NOTICE that beginning on December 2, 2011 at 10:00 a.m. at

the offices of the Local 282 Trust Funds, 2500 Marcus Avenue, Lake Success, New York,

plaintiffs will take the deposition upon oral examination of Fusella Group, LLC pursuant to Rule

30(b)(6) of the Federal Rules of Civil Procedure before a person authorized to administer oaths.

The deposition will be recorded stenographically and will continue from day to day until

completed.

00199156.1

This notice names as the deponent Fusella Group, LLC.  Under the provisions of Federal Rule of Civil Procedure 30(b)(6), Fusella Group, LLC is required to identify and produce for deposition one or more officers, directors, managing agents, or other persons who consent to testify on its behalf and are the officers, directors, agents, or employees most knowledgeable as to information known or reasonably available to defendant Fusella Group, LLC regarding its payment of wages and contributions regarding drivers, including any remittance reports submitted to the Local 282 Trust Funds, its contracts or other arrangements to perform trucking work, and its financial and other records.

Dated: October 21, 2011
       New York, New York

                                              _____
                                              Joseph J. Vitale
                                              David R. Hock
                                              COHEN, WEISS and SIMON LLP
                                              330 West 42nd Street
                                              New York, New York 10036
                                              Tel:  (212) 563-4100
                                              Fax:  (646) 473-8216

                                              Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
FRANK H. FINKEL, JOSEPH A. FERRARA SR.,      :
MARC HERBST, THOMAS PIALI,                   :
CHRISTOPHER O. WARD, GARY LA                 :
BARBERA, THOMAS GESUALDI, LOUIS              :
BISIGNANO, AND ANTHONY PIROZZI, as           :
Trustees and Fiduciaries of the Local 282 Welfare    :
Trust Fund, the Local 282 Pension Trust Fund, the    :
Local 282 Annuity Trust Fund, the Local 282 Job      :
Training Trust Fund, and the Local 282 Vacation      :
and Sick Leave Trust Fund,                           :
                                                     :
                                Plaintiffs,          :
                                                     :
        - against -                                  :
                                                     :
FUSELLA GROUP, LLC, GERARDO P.                       :
FUSELLA and VINCENT J. FUSELLA,                      :
                                                     :
                                Defendants.          :
------------------------------------------------------------------- x

Civil Action No.:
08-CV-0972 (LDW) (WDW)

## NOTICE OF DEPOSITION OF DEFENDANT GERARDO FUSELLA

TO:     Gerardo Fusella                     Vincent Fusella
        11 Fox Run Drive                    3 Andover Lane
        East Hanover, NJ 07936              East Hanover, NJ 07936


        PLEASE TAKE NOTICE that beginning on December 2, 2011 at 12:00 noon at

the offices of the Local 282 Trust Funds, 2500 Marcus Avenue, Lake Success, New York,

plaintiffs will take the deposition upon oral examination of Gerardo Fusella pursuant to Rule 30

of the Federal Rules of Civil Procedure before a person authorized to administer oaths.  The

deposition will be recorded stenographically and will continue from day to day until completed.

Dated: October 2\, 2011
      New York, New York

 

Joseph J. Vitale
David R. Hock
COHEN, WEISS and SIMON LLP
330 West 42nd Street
New York, New York 10036
Tel:  (212) 563-4100
Fax:  (646) 473-8216

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

FRANK H. FINKEL, JOSEPH A. FERRARA SR.,      :
MARC HERBST, THOMAS PIALI,                    :
CHRISTOPHER O. WARD, GARY LA                  :
BARBERA, THOMAS GESUALDI, LOUIS               :
BISIGNANO, AND ANTHONY PIROZZI, as           :         Civil Action No.:
Trustees and Fiduciaries of the Local 282 Welfare :    08-CV-0972 (LDW) (WDW)
Trust Fund, the Local 282 Pension Trust Fund, the :
Local 282 Annuity Trust Fund, the Local 282 Job :
Training Trust Fund, and the Local 282 Vacation :
and Sick Leave Trust Fund,                    :
                                              :
                          Plaintiffs,         :
                                              :
       - against -                            :
                                              :
FUSELLA GROUP, LLC, GERARDO P.                :
FUSELLA and VINCENT J. FUSELLA,               :
                                              :
                          Defendants.         :

-------------------------------------------------------------------x

## <u>NOTICE OF DEPOSITION OF DEFENDANT VINCENT FUSELLA</u>

TO:   Gerardo Fusella                 Vincent Fusella
      11 Fox Run Drive                3 Andover Lane
      East Hanover, NJ 07936          East Hanover, NJ 07936


       PLEASE TAKE NOTICE that beginning on December 2, 2011 at 3:00 p.m. at the

offices of the Local 282 Trust Funds, 2500 Marcus Avenue, Lake Success, New York, plaintiffs

will take the deposition upon oral examination of Vincent Fusella pursuant to Rule 30 of the

Federal Rules of Civil Procedure before a person authorized to administer oaths.  The deposition

will be recorded stenographically and will continue from day to day until completed.

00199158.1

Dated: October 21, 2011
      New York, New York

                                   Joseph J. Vitale
                                   David R. Hock
                                   COHEN, WEISS and SIMON LLP
                                   330 West 42nd Street
                                   New York, New York 10036
                                   Tel:  (212) 563-4100
                                   Fax:  (646) 473-8216

                                   Attorneys for Plaintiffs

# EXHIBIT D

## David R. Hock

| | |
|---|---|
| **From:** | vfusella1@aol.com |
| **Sent:** | Thursday, December 08, 2011 2:58 PM |
| **To:** | David R. Hock |
| **Subject:** | RE: Finkel v. Fusella Group, LLC |

David we are not going to make depositions tomorrow.  We are retaining counsel and they will be in touch with you to reschedule.
Thank you,
Vincent Fusella

*Connected by DROID on Verizon Wireless*


-----Original message-----
**From:** "David R. Hock" <dhock@cwsny.com>
**To:** "&apos;vfusella1@aol.com&apos;" <vfusella1@aol.com>
**Sent:** Tue, Dec 6, 2011 19:29:04 GMT+00:00
**Subject:** RE: Finkel v. Fusella Group, LLC

Hello,

I just wanted to check in with you to confirm for Friday at 1 pm.  I have not received your responses to the discovery requests you said you were going to send out of Friday, so please let me know if you sent those as well.

Thanks.


David R. Hock
Cohen, Weiss and Simon LLP
330 West 42nd Street, 25th Floor
New York, NY 10036-6976
direct dial (212) 356-0220
facsimile (646) 473-8220
dhock@cwsny.com
www.cwsny.com

This e-mail and any attachments may contain material that is protected by an attorney-client privilege or that is otherwise confidential. Please do not permit anyone other than an addressee or an employee or other authorized agent of an addressee to read this e-mail or any of its attachments without the consent of Cohen, Weiss and Simon LLP. If you are not one of the people specified in the previous sentence, please delete this e-mail and its attachments and notify me.

**From:** David R. Hock
**Sent:** Tuesday, November 22, 2011 2:11 PM
**To:** 'vfusella1@aol.com'
**Subject:** Re: Finkel v. Fusella Group, LLC

That is fine.
David R. Hock
Cohen, Weiss and Simon LLP
330 West 42nd Street, 25th Floor
New York, NY 10036-6976

direct dial (212) 356-0220
facsimile (646) 473-8220
dhock@cwsny.com
www.cwsny.com

**From:** vfusella1@aol.com [mailto:vfusella1@aol.com]
**Sent:** Tuesday, November 22, 2011 12:31 PM
**To:** David R. Hock
**Subject:** Re: Finkel v. Fusella Group, LLC

That's perfect and is december 2 for the interogetories ok with you.


*Connected by DROID on Verizon Wireless*


-----Original message-----
**From:** "David R. Hock" <dhock@cwsny.com>
**To:** "&apos;vfusella1@aol.com&apos;" <vfusella1@aol.com>
**Sent:** Tue, Nov 22, 2011 16:28:16 GMT+00:00
**Subject:** Re: Finkel v. Fusella Group, LLC

I can do the afternoon of December 9 in my office in Manhattan. Is 1 pm ok?
David R. Hock
Cohen, Weiss and Simon LLP
330 West 42nd Street, 25th Floor
New York, NY 10036-6976
direct dial (212) 356-0220
facsimile (646) 473-8220
dhock@cwsny.com
www.cwsny.com


**From:** vfusella1@aol.com [mailto:vfusella1@aol.com]
**Sent:** Tuesday, November 22, 2011 10:33 AM
**To:** David R. Hock
**Subject:** Re: Finkel v. Fusella Group, LLC

Hi David,

If possible, can we move the date for the interrogatories to Friday December 2nd and the deposition to Friday December 9th at your Manhattan office?  Please let me know as soon as possible.

Thank You,
Vincent Fusella


-----Original Message-----
From: David R. Hock <dhock@cwsny.com>
To: 'VFUSELLA1@aol.com' <VFUSELLA1@aol.com>
Sent: Mon, Nov 21, 2011 11:40 am
Subject: Finkel v. Fusella Group, LLC

Hello,

I wanted to check that you received the discovery requests I mailed to you a few weeks ago and see whether the December 2 date for a deposition is a problem with you.  I can move the date to another date or hold the deposition in another location (such as my office in Manhattan) if that date is not convenient.

Thank you,
David R. Hock


Under applicable Treasury Regulations, we are required to inform you that no U.S. tax advice in this email or an attachment to this email is intended or written to be used, nor can it be used, to avoid a penalty under the Internal Revenue Code, or to promote, market or recommend to another party a transaction or matter addressed in this email or attachment.

This E-Mail and any attachments may contain material that is protected by an attorney-client privilege or that is otherwise confidential. Please do not permit anyone other than an addressee or an employee or other authorized agent of an addressee to read this e-mail or any of its attachments without the consent of Cohen, Weiss and Simon LLP. If you are not one of the people specified in the previous sentence, please delete this e-mail and its attachments and notify me.

# EXHIBIT E

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x

FRANK H. FINKEL, JOSEPH A. FERRARA SR.,   :
MARC HERBST, THOMAS PIALI,             :
CHRISTOPHER O. WARD, GARY LA         :
BARBERA, THOMAS GESUALDI, LOUIS   :
BISIGNANO, AND ANTHONY PIROZZI, as :
Trustees and Fiduciaries of the Local 282 Welfare :
Trust Fund, the Local 282 Pension Trust Fund, the :
Local 282 Annuity Trust Fund, the Local 282 Job :
Training Trust Fund, and the Local 282 Vacation :
and Sick Leave Trust Fund,               :

                         Plaintiffs,   :

   - against -                     :

FUSELLA GROUP, LLC, GERARDO P.     :
FUSELLA and VINCENT J. FUSELLA,    :

                        Defendants.  :

---------------------------------------------------------------- x

Civil Action No.:
08-CV-0972 (LDW) (WDW)

## **PROPOSED ORDER**

      WHEREAS, on October 21, 2011, Plaintiffs served Plaintiffs' First Set of

Document Requests to Defendants (the "Document Requests"), Plaintiffs' First Set of

Interrogatories to Defendants (the "Interrogatories"), a Notice of Deposition for Defendant

Vincent Fusella, a Notice of Deposition of Defendant Gerardo Fusella, and a Notice of

Deposition of Defendant Fusella Group, LLC on each of the defendants; and

      WHEREAS, defendants Fusella Group, LLC, Gerardo Fusella, and Vincent

Fusella failed to respond to the Document Requests or the Interrogatories, appear for a

deposition, or raise any objections to the discovery requests; NOW, THEREFORE,

      IT IS HEREBY ORDERED that defendants Fusella Group, LLC, Gerardo

Fusella, and Vincent Fusella shall respond to the Document Requests and Interrogatories so that

their responses are received at the offices of Cohen, Weiss and Simon LLP, 330 West 42nd

Street, 25th Floor, New York, New York, on or before 12:00 noon on December 19, 2011; and

        IT IS FURTHER ORDERED that Defendants Fusella Group, LLC, Gerardo

Fusella, and Vincent Fusella appear for a deposition at and the offices of Cohen, Weiss and

Simon LLP, 330 West 42nd Street, 25th Floor, New York, New York at 2:00 p.m. on December

21, 2011.

        *Failure to respond to the Document Requests or Interrogatories or appear for the*

*depositions as set forth herein, may serve as grounds for a finding Defendants Fusella Group,*

*LLC, Gerardo Fusella, and Vincent Fusella in contempt of this Court and will subject them to*

*civil and criminal penalties.*

        Plaintiffs shall arrange for service of this Order by email to vfusella1@aol.com

and overnight delivery upon Fusella Group, LLC, Gerardo Fusella, and Vincent Fusella, which

shall be deemed sufficient service.  Proof of such service shall be filed in the record.

                        **SO ORDERED.**

                        _____

                        WILLIAM D. WALL, U.S.M.J.

Dated: December __, 2011